IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| KADEEM DWAYNE EMMERS, TDCJ-CID No. 01889448, | § § § | |
| Plaintiff, | § § | |
| v. | § § | 2:25-CV-177-Z-BR |
| MICHAEL MITCHENER, *et al.*, | § § § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
TO DENY APPLICATION FOR PRELIMINARY INJUNCTION**

Before the Court is a Motion for Preliminary Injunction filed by Plaintiff Kadeem Dwayne Emmers ("Emmers"). (ECF 5). After considering the Motion, the Magistrate Judge recommends that the Motion be DENIED for the reasons set forth herein.

**I. FACTUAL BACKGROUND**

Emmers, a prisoner at the Clements Unit of TDCJ, asks the Court to issue a preliminary injunction to prevent Defendants from "taking inmates [sic] clothing, bedding, hygiene, correspondence, religious and legal material" when they are charged with "misusing some property or possess an item or items that are considered dangerous." (ECF 5 at 1). He states that a preliminary injunction is necessary to prevent continuous violations of his constitutional rights, and to prevent such seizures from causing him to miss court deadlines in pending lawsuits. (*Id*. at 1-2). He also claims that confiscation of all of his clothing other than a pair of boxers leaves him unable to properly clothe himself for prayer in accordance with his Muslim beliefs. (ECF 7 at 8). His Complaint is currently undergoing preliminary screening as provided by the Prison Litigation Reform Act.

1

## II. LEGAL ANALYSIS

### A.   Legal Standard for Injunctive Relief.

An injunction is "an extraordinary remedy and should not issue except upon a clear showing of possible irreparable injury." *Lewis v. S.S. Baune*, 534 F.2d 1115, 1121 (5th Cir. 1976). To obtain injunctive relief, a plaintiff must establish: (1) a substantial likelihood that he will prevail on the merits; (2) a substantial threat that irreparable harm will result if the injunction is not granted; (3) that the threatened injury outweighs the threatened harm to the non-movant; and (4) that the granting of the preliminary injunction will not disserve the public interest. *Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987). The plaintiff "must satisfy a cumulative burden of proving each of the four elements enumerated before a temporary restraining order or preliminary injunction can be granted." *Id.* If the plaintiff fails to satisfy any one of the four factors, injunctive relief will not issue. *See, e.g., May v. Wells Fargo Home Mortg.*, No. 3:12-CV-4597-D, 2013 WL 2367769, at *1 (N.D. Tex. May 30, 2013).

Whether to grant preliminary injunctive relief "is within the discretion of the court, but it is an extraordinary remedy that should only be granted if the movant has clearly carried its burden." *John Crane Prod. Sols., Inc. v. R2R & D, LLC*, 861 F. Supp. 2d 792, 794 (N.D. Tex. 2012). The decision to grant injunctive relief "is to be treated as the exception rather than the rule." *Miss. Power & Light Co. v. United Gas Pipe Line Co.*, 760 F.2d 618, 621 (5th Cir. 1985). If the moving party fails to carry the "heavy burden" to satisfy each of these prerequisites, a preliminary injunction is not warranted. *Enterprise Int'l, Inc. v. Corporacion Estatal Petrolera Ecuatoriana*, 762 F.2d 464, 472 (5th Cir. 1985).

In the prison context, requests for a preliminary injunction are "viewed with great caution because judicial restraint is especially called for in dealing with the complex and intractable

problems of prison administration." *Wagner v. Campuzano*, No. 1:12-CV-205-C, 2013 WL 12147778, at *1 (N.D. Tex. May 31, 2013) (citing *Goff v. Harper*, 60 F.3d 518, 520 (8th Cir. 1995)). "[E]xcept in extreme circumstances," federal courts "are reluctant to interfere" with matters of prison administration and management. *Young v. Wainwright*, 449 F.2d 338, 339 (5th Cir. 1971); *see also Humphrey v. Layton*, 58 F.3d 636, 1995 WL 371021, at *1 n.5 (5th Cir. 1995). Further, in assessing whether a preliminary injunction serves the public interest, prison administrators must be afforded "wide-ranging deference" in their operation of the prison to "preserve internal order and discipline and to maintain institutional security." *Bell v. Wolfish*, 441 U.S. 520, 547 (1979).

**B.      Emmers Shows No Substantial Likelihood of Irreparable Harm.**

One of the elements that Emmers must show is a substantial likelihood of irreparable harm. Irreparable harm is defined as "harm for which there is no adequate remedy at law." *Daniels Health Scis., L.L.C. v. Vascular Health Scis., L.L.C.*, 710 F.3d 579, 585 (5th Cir. 2013). Emmers alleges that a preliminary injunction is needed to prevent "continuous constitutional violations" and delays "on Plaintiff's future response motions or missing filing deadlines." (ECF 5 at 1-2). He also claims that confiscating his clothing and religious materials prevents him from praying in accordance with his Muslim beliefs. (ECF 3, 5).

Emmers' claims do not support injunctive relief at this time under the standards set forth above. Mere speculation is simply insufficient to show irreparable harm. "Speculative injury is not sufficient; there must be more than an unfounded fear on the part of the applicant." *Holland America Ins. Co. v. Succession of Roy*, 777 F.2d 992, 997 (5th Cir. 1985) (*citing Carter v. Heard*, 593 F.2d 10, 12 (5th Cir. 1979)); *Hunt v. Banker's Trust Co.*, 646 F. Supp. 59, 65 (N.D. Tex. 1986) ("[S]peculation is not sufficient to support a finding of an irreparable injury"); *Henry v. Baker*,

3

2001 WL 1112441, at *2 (N.D. Tex. Aug. 21, 2001) ("The court does not issue a TRO or an injunction on unsubstantiated fears of irreparable injury"). The movant seeking injunctive relief "must show a real and immediate threat of future or continuing injury apart from any past injury." *Aransas Project v. Shaw*, 775 F.3d 641, 663-64 (5th Cir. 2014) (per curiam) (citing *In re Stewart*, 647 F.3d 553, 557 (5th Cir. 2011)). The unsupported belief that Emmers might miss future filing deadlines or that he might be unable to properly pray if Defendants confiscate his property again in the future is merely speculative harm that will not support issuance of a preliminary injunction.

Further, a mere risk of harm does not constitute irreparable harm. *Hunt*, 646 F. Supp. at 65 (*citing Continental Group, Inc. v. Amoco Chemicals Corp.*, 614 F.2d 351, 359 (3rd Cir. 1980)). "There must be a present threat of substantial, noncompensable harm." *Hunt*, 646 F. Supp. at 65. A movant for injunctive relief must show "a substantial threat of irreparable injury if the injunction is not granted." *Hay v. Waldron*, 834 F.2d 481, 484 (5th Cir. 1987). Emmers' allegations do not rise to the level of a substantial threat if the injunction is not granted.

While a substantial burden on religious practice may constitute irreparable harm, *Elrod v. Burns*, 427 U.S. 347 (1976), Emmers fails to show that he is under immediate threat of a substantial burden on his religious beliefs. His Complaint shows that Defendants confiscated his clothing and religious materials for a 24-hour period on August 26, 2024, and a two-day period on November 18, 2024. (ECF 3 at 8-10). Emmers does not allege that his property is currently confiscated, or that any clothing or religious property has been confiscated in the past nine months. Further, he alleges in his Complaint that his clothing and personal property are confiscated only in response to Emmers violating a prison rule, which is arguably within his control to prevent. (*Id.*). Because Emmers fails to meet the second requirement for injunctive relief, the Court need not consider the

remaining elements. *See May v. Wells Fargo*, 2013 WL at *1. Emmers' request for injunctive relief should be DENIED.

### III. RECOMMENDATION

For the reasons stated above, the United States Magistrate Judge hereby recommends that Plaintiff's Motion for Preliminary Injunction (ECF 5) be DENIED.

### IV. INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of these Findings, Conclusions and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED August 14, 2025.

LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

### * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal

5

conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).