IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| KADEEM DWAYNE EMMERS, | |
| Plaintiff, | |
| v. | 2:25-CV-177-Z-BR |
| MICHAEL MITCHENER, *et al.*, | |
| Defendants. | |

**ORDER ADOPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Before the Court are the Findings, Conclusions, and Recommendation ("FCR") of the United States Magistrate Judge to deny the Motion for Preliminary Injunction filed by Plaintiff. ECF No. 20. Plaintiff Emmers filed an Objection to the FCR. ECF No. 23.[1] After making an independent review of the pleadings, files, and records in this case, the Court **OVERRULES** Plaintiff's Objection and concludes that the FCR of the Magistrate Judge is correct. *See* ECF No. 21. It is therefore **ORDERED** that the FCR of the Magistrate Judge is **ADOPTED** and Plaintiff's Motion for Preliminary Injunction is **DENIED**.

LEGAL STANDARD

"Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." FED. R. CIV. P. 72(b)(2). Under the "prison mailbox rule," a pro se prisoner's objections are deemed filed when delivered to prison authorities. *See Thompson v. Rasberry*, 993 F.2d 513, 515 (5th Cir. 1993). For timely objections, "[t]he district judge must

---

[1] Emmers also filed a supplemental brief in support of his Motion for Preliminary Injunction. ECF No. 22. Pursuant to Local Rule 56.7, "a party may not, without the permission of the presiding judge, file supplemental pleadings, briefs, authorities, or evidence." Because Emmers did not seek leave to file this supplemental briefing, the Court declines to consider it.

determine de novo any part of the magistrate judge's disposition that has been properly objected to." FED. R. CIV. P. 72(b)(3). However, for objections that are not filed within the fourteen-day period, the Court reviews the Magistrate Judge's findings and recommendations only for plain error. *Serrano v. Customs & Border Patrol, U.S. Customs & Border Prot.*, 975 F.3d 488, 502 (5th Cir. 2020).

**ANALYSIS**

Plaintiff filed timely Objections to the Magistrate's FCR. ECF No. 23. The FCR was entered on December 10, 2025, so the last day of the calculated objection period was December 24, 2025. However, the President declared December 24 and 26, 2025 federal holidays, in addition to the annual December 25 Christmas holiday. Exec. Order No. 14,371, 90 Fed. Reg. 60545 (Dec. 18, 2025). Because December 27 and 28 were a Saturday and Sunday, Plaintiff's objections were not due until December 29, the next non-weekend or holiday after the last day of the calculated objection period. *See* FED. R. CIV. P. 6(a)(1)(C) ("if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday."); FED. R. CIV. P. 6(a)(6) (Christmas Day and days declared holidays by the President are "legal holiday[s]"). Plaintiff's Objections were postmarked on December 29, 2025—the same date they were due. ECF No. 23. Since Plaintiff is a pro se prisoner, his Objections are considered filed at least as of that postmark date. *See Rasberry*, 993 F.2d at 515. Plaintiff's Objections are therefore timely. Accordingly, the Court reviews de novo any part of the Magistrate's FCR that was properly objected to. FED. R. CIV. P. 72(b)(3).

First, Plaintiff objects that the Magistrate Judge "misused her discretion [by making] a ruling on an important matter" and requests a "senior Judge review his motion." ECF No. 23 at 1–2. Plaintiff's first objection is **OVERRULED**. The Magistrate Judge proceeded how she is supposed to under Federal Rule of Civil Procedure 72(b). Since Plaintiff's Motion for

2

Preliminary Injunction can be considered "dispositive" for purposes of Rule 72, the Magistrate Judge entered a *recommendation*—not a ruling. *Compare* FED. R. CIV. P. 72(b)(1) ("The magistrate judge must enter a recommended disposition."), *with* ECF. No. 21 at 4 ("[T]he United States Magistrate Judge *recommends* that Plaintif's Motion for Preliminary Injunction (ECF 20) be DENIED." (emphasis added)). Pursuant to Federal Rule of Civil Procedure 72(b)(3), a "senior judge" is now reviewing de novo the aspects of Magistrate Judge Reno's disposition that Plaintiff has properly and timely objected to.

Second, Plaintiff objects that he was held "as one equal to an attorney." ECF No. 1. Plaintiff's second objection is **OVERRULED**. Objections to the FCR must be "specific" and "put the district court on notice of the urged error." *Williams v. K&B Equip. Co.*, 724 F.2d 508, 511 (5th Cir. 1984). Where a party objecting to the FCR fails to assert specific objections, the district court need not consider frivolous, conclusive, or general objections. *See Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). Just so here. Plaintiff complains generally and conclusively that he was held to the same standard as an attorney but provides no specific example or arguments about which standards were improperly applied. The Court need not consider such a conclusive, general objection. *See id.*

Third, Plaintiff objects that the Magistrate Judge "never included a ruling on a legal standard that [Plaintiff] should go by." ECF No. 23 at 2. Plaintiff's third objection is **OVERRULED**. In the section of the FCR entitled "Legal Standard for Injunctive Relief," the Magistrate Judge explained in some detail what legal standard she was applying. ECF No. 21 at 1–3. To the extent that this objection complains that the Magistrate Judge did not provide this legal standard *before* Plaintiff filed his motion, that is not required. And even if it were, the Magistrate Judge did provide Plaintiff with the relevant legal standard in her

Findings, Conclusions, and Recommendation to Deny [First] Application for Preliminary Injunction. *See* ECF No. 9 at 2–3.

Fourth, Plaintiff objects that "[n]o response from the Defendant[s]" on the Preliminary Injunction Motion was required. ECF No. 23 at 2. Plaintiff's fourth objection is **OVERRULED**. Plaintiff cites two cases in support of this objection, but neither requires the court to request briefing from the defendant before ruling on a plaintiff's motion for preliminary injunction. *See Haines v. Kerner*, 404 U.S. 519 (1972) (dismissal not proper on the facts of that case); *Nichols v. Schubert*, 499 F.2d 946, 946 (7th Cir. 1974) (summons required even when court dismissed complaint). Neither Federal Rule of Civil Procedure 65(a) nor any other rule or principle of law requires the court to require briefing of the defendants before denying a motion for preliminary injunction in situations like this. *See Com. Park at DFW Freeport v. Mardian Const. Co.*, 729 F.2d 334, 341 (5th Cir. 1984).

Fifth, Plaintiff objects to the finding that the four requirements for injunction have not been met. ECF No. 23 at 3. Plaintif's fifth objection is **OVERRULED**. As already noted, objections to the FCR must be "specific" and "put the district court on notice of the urged error." *Williams*, 724 F.2d at 511. As stated in the FCR, a plaintiff must establish four elements to obtain injunctive relief: (1) a substantial likelihood that he will prevail on the merits; (2) a substantial threat that irreparable harm will result if the injunction is not granted; (3) that the threatened injury outweighs the threatened harm to the non-movant; and (4) that the granting of the preliminary injunction will not disserve the public interest. *Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987). Plaintiff's Objection does not address the substance of the FCR's finding that his alleged injuries do not constitute irreparable harm. That finding was correct. While Plaintiff's Objection conclusively claims his "life is in immediate danger," he does not show how the security protocols he complains of endanger

4

his life, even if they are not supported by policy as he claims. Thus, Plaintiff has not shown a substantial likelihood of irreparable harm. Moreover, Plaintiff does not address the third and fourth preliminary injunction elements in either his original Motion or in his Objection. *See* ECF No. 21 at 4 n.1.

If the moving party fails to carry the "heavy burden" to satisfy each of the four preliminary injunction prerequisites, a preliminary injunction is not warranted. *Enterprise Int'l, Inc. v. Corporacion Estatal Petrolera Ecuatoriana*, 762 F.2d 464, 472 (5th Cir. 1985). Here, because Plaintiff has not made the required showing to support a preliminary injunction, an injunction is not warranted.

### CONCLUSION

For the foregoing reasons, the Court **OVERRULES** Plaintiff's Objection and concludes that the FCR of the Magistrate Judge is correct following de novo review. It is therefore **ORDERED** that the FCR of the Magistrate Judge is **ADOPTED** and Plaintiff's Motion for Preliminary Injunction (ECF No. 20) is **DENIED**.

SO ORDERED.

January 22, 2026

MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE